**Hubbard C. WILCOX and Lorain County Savings & Trust Company, Co-Executors of the Estate of Helen L. Mussey, deceased, Plaintiffs**

v.

**UNITED STATES of America, Defendant.**

No. 34482.

United States District Court
N. D. Ohio, E. D.
May 27, 1960.

Lawrence R. Bloomenthal, Cleveland, Ohio, for plaintiffs.

Russell E. Ake, U. S. Atty., Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This is an action to recover $32,350.83 in federal estate taxes and interest alleged to have been erroneously assessed and collected from the executors of the estate of Helen L. Mussey.

## Question Presented

Whether the available estate tax charitable deduction must be reduced by the amount paid by a charitable legatee in settlement of a will contest where the funds to settle the will contest case did not come directly from the estate but came from other funds belonging to the charitable legatee and subsequently the charitable legatee received the full amount of the bequest.

## Findings of Fact

The plaintiffs are the executors of the estate of Helen L. Mussey, hereinafter referred to as the decedent, who died on or about September 24, 1952. On the federal estate tax return filed by the executors for the estate of the decedent, a charitable deduction in the amount of $389,761.38 was claimed; the taxable estate was shown to be zero and no federal estate taxes were shown to be due with the filing of the return.

Item 19 of decedent's will provided for creation of a testamentary charitable trust of the residue of the decedent's estate in favor of St. Andrews Episcopal Church of Elyria, Ohio. Within a short time after the decedent's death, a will contest action was filed by Howard Eugene Mussey, a son of a deceased stepson of the decedent, who was entitled to receive a legacy of only $5,000 under Item 3 of the decedent's last will and testament. His petition, filed in the Court of Common Pleas, Lorain County, Ohio, contested the admission of that will to probate on the ground that it was not her last will and testament. Prior to the trial of these issues, a compromise agreement was reached between St. Andrews Episcopal Church of Elyria, Ohio, and the will contestant, pursuant to which he was paid $59,000 for the withdrawal of the will contest action. No part of this $59,000 represented an assignment or surrender of any portion of the charitable bequest.

Subsequent to the filing of the federal estate tax return by the executors, the Commissioner of Internal Revenue determined that the claimed charitable deduction should be reduced by the $59,000 payment to the will contestant. That determination, along with other adjustments which are not here disputed, resulted in an estate tax deficiency, and interest thereon of $32,350.83. After payment thereof, the executors filed a timely claim for refund on the ground that the aforesaid determination was erroneous. The claim for refund was disallowed and notice of disallowance was given to the executors by registered mail. This suit was then instituted.

The $59,000 paid to Howard E. Mussey by the charitable legatee to settle the will contest came from the following sources:

(1) $10,000 from a specific legacy under the Mussey Will;

(2) $12,000 from mortgage on church property;

(3) $8,516.74 from church funds on deposit with Ohio Diocese;

(4) The balance came from loans by individual church members and sale of A. T. & T. bonds held as an investment.

The settlement agreement pursuant to which the will contestant was paid $59,000 was executed on November 22, 1954. Joint Ex. F-6, Tr. 16. On the same day, he assigned all of his interest in the decedent's estate to the St. Andrews Episcopal Church. Joint Ex. G-7, Tr. 16-17. Some two weeks prior thereto, a resolution had been passed authorizing certain church officials to raise funds to make the settlement. The church officials, pursuant to this resolution, raised the funds in the manner above set forth.

At the time the church officials were raising the money to pay the will contestant, they contemplated and agreed that a campaign to raise funds would be necessary to repay the borrowed funds and to replace the expended savings. It was not until August or September of 1955 that the church officials adopted and initiated a specific plan for the fund-raising campaign. The goal for the campaign was set at $120,000. Of the $120,000 they hoped to raise, it was announced and declared that $59,000 of the campaign funds was to be used to repay the borrowed money and to replace savings expended incident to the settlement of the will contest case. The remainder of the $120,000 was to be used, as the witness Reverend George R. Hargate stated, to renovate the present church. Tr. 45-46. The fund-raising campaign was successful; the loans were repaid; and the church's capital reserve fund was rebuilt.

The executors, proceeding under the will, have financed the construction of a new addition to the church building and have expended from the decedent's estate a sum in excess of $276,000. The church being a residuary legatee, the exact amount it will ultimately receive from the decedent's estate will depend upon the outcome of this suit, and it may be necessary to adjust the charitable deduction of $389,761.38 claimed by the executors.

The plaintiffs concede that the will contestant was an heir of the decedent who stood to inherit or benefit if his action to contest the will resulted in the will's being set aside, and that he had the status to command the compromise agreement and was recognized by it, and further that, for tax purposes, the $59,000 came to him by inheritance.

Since no part of the $59,000 paid to the will contestant by the charitable legatee was derived from the decedent's estate, at the time of the compromise settlement, but came from independent funds of the charitable legatee, which funds were replenished and restored to it by gifts, it is the contention of the plaintiffs that these facts distinguish this case from the law as it appears in the authorities cited in the defendant's brief.

The amount to be deducted for testamentary charitable gifts must be computed on the basis of what the charities actually received, not on the basis of what is provided in the will of the decedent. It does not seem possible to distinguish the authorities cited by the defendant from the present, in principle. The fact that the charitable legatee was reimbursed by gifts for the money it paid the will contestant is not a distinction material to the rationale of the rule involved.

It is, therefore, my judgment that the complaint should be dismissed with prejudice and judgment entered for the defendant.

This memorandum constitutes findings of fact and conclusions of law pursuant to Rule 52(a), F.R.Civ.P., 28 U.S.C.A. Prepare entry accordingly.